**UIVA TE`O, Claimant**

**v.**

**MUTIA TE`O, and PUIA`I TUFELE, JR., Objectors/Counter-claimants**

**In the Matter of the Matai title "TE`O"**

High Court of American Samoa
Land and Titles Division

MT No. 06-90

June 30, 1994

Before: KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, BETHAM, Associate Judge, MAILO, Temporary Associate Judge.

Counsel: For Uiva Te`o, Tuana`itau F. Tuia
 For Mutia Te`o, Togiola T. Tulafono
 For Puia`i Tufele, Jr,, Fai`ivae A. Galea`i

Decision and Order:

This outstanding matter originated in the Territorial Registrar's Office on July 10, 1989, when claimant Uiva Te`o, hereafter "Uiva," filed his succession claim to the matai title Te`o attached to the village of Pago Pago, apparently after failing to secure family endorsement to his attempts to have one of his sons installed as the matai. Mutia Te`o, hereafter "Mutia," and Puia`i Tufele, hereafter "Puia`i," subsequently filed their respective objections/counterclaims. For various reasons, including the

unavailability and turnover of counsel, and one stipulated continuance for a period of six months owing to Uiva's extended illness, the matter finally came on for trial on June 16, 1994. Uiva's counsel moved on the day of trial for yet a further continuance, owing to his client's continuing illness. The motion was denied and trial proceeded without the presence of claimant.

██ In matai title disputes, the court shall be guided by the four considerations set out in A.S.C.A. § 1.0409(c), in the priority listed. These are (1) the best hereditary right to the title; (2) the "wish of the majority or plurality of those clans of the family as customary in that family"; (3) forcefulness, character, personality, and knowledge of Samoan custom; and (4) value to the family, village, and country. With regard to these criteria, the court makes the following findings and conclusions:

1. Best Hereditary Right

There was no dispute that all three candidates are blood members of the Te`o family of the village of Pago Pago. Each candidate calculated his degree of hereditary entitlement under the traditional formula, that is, descent line to the nearest titleholder in his genealogy. Mutia stated his degree of hereditary right to be 50% in that his father, Te`o Falepopo, was a previous titleholder; Uiva Te`o traced his descent to Te`o Fua`au, his grandfather, which thus gives him a 25% degree of hereditary right; Puia`i Tufele traced his descent to Te`o Mutiatai, his great, great grandfather, and thus stated his degree of hereditary right to be 6.25%. We conclude that Mutia prevails on this consideration.

2. Wish of the Majority or Plurality of the Clans

Under this heading, the court is directed to inquire into "the wish of the majority or plurality of those clans as customary in that family." *See* A.S.C.A. § 1.0409(c)(2). The preponderance of the evidence points to the contemporary family practice of recognizing only two clans; namely, the Si`itia or Manuma clan, and the Falepopo clan. Puia`i is a member of the former while Uiva and Mutia are members of the latter. While Puia`i's candidacy is supported by his side of the family, the Si`itia or Manuma clan, the Falepopo clan's support is split between its candidates Uiva and Mutia. In these circumstances, all that can be said on this criterion is that the Te`o family is divided on the issue of a titleholder since no one candidate can be said to command support of the "majority" of the family's customary clans. We therefore conclude that no candidate

prevails on this consideration,

3. Forcefulness, Character and Personality, and Knowledge of Samoan Customs

 Although Uiva has resided largely outside the village of Pago Pago, he has, as with Mutia and Puia`i, played his expected part in significant family fa`alavelave. Uiva has been able to call on the fruits of his sons' industry to meet all important family obligations. His absence at trial, however, has necessarily precluded in-court observation of such qualities as "demeanor, personality, presence of mind, the clarity speed and correctness with which the answers were given, the self-confidence and other qualities reflected from speech and behavior," which go towards the issue of forcefulness and personality. *See Reid v. Talalele*, 4 A.S.R. 458, 463-64, (Land and Titles Div. 1964). At the same time, Uiva's absence has also precluded first-hand opportunity for the judges to assess his knowledge of Samoan customs. Finally, Uiva's poor health and advanced age, 88 years, also weigh against him on this consideration. *See Tuinei v, Ieliko*, 2 A.S.R. 117 (Land and Titles Div. 1940).

Except for educational pursuits, and occasional off-island visits by Mutia to visit his children, Mutia and Puia`i have both spent most of their lives residing in Pago Pago on Te`o family property. They have each proven to be enterprising and industrious individuals and are both economically self-secure. Mutia is 73 years of age and proudly boasts to being the father of 20 children--one of whom was a Vietnam casualty whose memory is honored by the U.S. Army's naming of its reserve compound in Tafuna after him. At a time when opportunities were limited, Mutia nonetheless managed to further his education off-island and eventually trained as a refrigeration and electrical technician. His varied career life included a stint with the naval government library as well as a number of years as a commercial fisherman--where he gained a reputation as a skillful seaman as borne out by the U.S. Navy's commendation of his successful rescue of a number of naval personnel who were swept out to sea in a storm. Mutia's present day source of income are a number of rental houses.

Puia`i, like Mutia, has also built up a number of rental properties in Pago Pago; he has in addition commercial tenants. After Marist Brothers' School in Atu`u, Puia`i completed high school in Hawaii. His career life has included service with the Department of Education, the Department of Public Safety, and operation of a grocery store until he and his wife ventured into real estate.

103

Under this heading, we rate Mutia and Puia`i equal on this consideration but ahead of Uiva.

4. Value to Family, Village, and Country

On this issue, we also find Uiva behind Mutia and Puia`i because of ill-health and advanced age. As between Mutia and Puia`i, we find both candidates to be about equal with respect to value to village and country, however, we rate Mutia slightly ahead of Puia`i on family value considerations. The Te`o family has been without a sa`o for several years now; Mutia, who holds the Te`o family's lesser matai title "Mutia," is the only Te`o family matai at present. Thus, Mutia has necessarily had to fill in for the sa`o in terms of the family's relationship to village and county. Furthermore, Mutia is the only candidate with standing as a matai; he has held the Mutia title for 32 years. Although Puia`i has given invaluable service to the family as an untitled man and has shown great leadership potential, Mutia, in our view, with longstanding matai recognition within the village, is more experienced and better qualified to lead the family.

On the foregoing, we conclude that Mutia should be registered the next holder of the matai title Te`o since he prevails over Puia`i on the first and fourth statutory criteria, and over Uiva on the first, third, and fourth statutory criteria. The Territorial Registrar shall accordingly register the Te`o title from the village of Pago Pago in candidate Mutia Te`o, in accordance with the requirements of A.S.C.A. § 1.0409(b).

It is so ordered.